**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NICHOLAS WEBB & THAD BEVERSDORF,

Plaintiffs,

vs.

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., successor to FINRA DISPUTE RESOLUTION, INC.,

Defendant.
_______________________________________/

Case No. 16-cv-4664

Judge Andrea R. Wood

Magistrate Judge Young B. Kim

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"),[1] by undersigned counsel, for its Memorandum of Law in Support of the Motion to Dismiss the Complaint, states the following:

## I. INTRODUCTION

Plaintiffs, Nicholas Webb and Thad Beversdorf ("Mr. Webb and Mr. Beversdorf") filed claims in FINRA's arbitration forum on November 1, 2013 seeking in excess of $1,000,000 against their former employer, Jefferies & Company, Inc., and signed a Submission Agreement, Complaint Exhibit A. In the Submission Agreement, Plaintiffs represented that they had read FINRA's Rules and Code of Arbitration Procedure and would abide by them. Mr. Webb and Mr. Beversdorf apparently were not pleased with one or more of the arbitrators' rulings and claim they "were forced to withdraw their claims" two and a half years later. Complaint ¶ 38.

[1] FINRA was formerly known as the National Association of Securities Dealers, Inc. ("NASD"). This brief will refer to FINRA except where NASD appears in a case name.

FINRA's sole connection to this case is that FINRA operated the arbitration forum and administered the underlying arbitration entitled, "*Nicholas Webb & Thad Beversdorf v. Jefferies & Company, Inc.*," Case No. 13-03234 (the "Arbitration"). FINRA is not a party to the Arbitration.

Plaintiffs now assert that FINRA breached its "contract," the Submission Agreement executed by plaintiffs in arbitration, Complaint Exhibit A, when FINRA allegedly failed to provide: resources to its arbitrators, appropriate procedural mechanisms to its arbitrators to authorize the exchange of information between parties in arbitration, proper training to its arbitrators, and interfered in its arbitrators' exercise of their discretion, among other things. Complaint ¶ 36. Plaintiffs also seek a declaratory judgment that FINRA's Arbitration Code for Industry Disputes is unable to promote just and equitable principles of trade and is unable to create fair, just and equitable results for disputes. Complaint pp. 9-10, Prayer for Relief.

Simply put, Plaintiffs filed a claim in arbitration, agreed to abide by the rules that apply to the arbitration forum, did not like some or all of the rulings of the arbitrators, voluntarily withdrew their claim, and now seek to sue the arbitration forum for improperly administering the Arbitration and/or failing to abide by its SEC-approved rules when administering the Arbitration.

The Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(b)(7). The courts, including the Seventh Circuit, have ruled that an organization sponsoring arbitration, such as FINRA in the Arbitration at issue in this case, enjoys immunity for actions taken in connection with administering arbitrations. *See Int'l Med. Group v. AAA*, 312 F.3d 833, 842-845 (7th Cir. 2002). Plaintiffs must first exhaust their administrative remedies when challenging FINRA rules and/or FINRA's Code of Arbitration Procedure for Industry Disputes. *See Am. Benefits Group, Inc. v. NASD*, 1999 U.S. Dist. LEXIS 12321, at *23 (S.D.N.Y. 1999) (citing

cases). Finally, to the extent that Plaintiffs are attempting to litigate the rulings by arbitrators in the Arbitration and collaterally attack the Arbitration itself in some way, FINRA is not an appropriate party and they have failed to name a necessary and indispensable party, the respondent in arbitration, Jefferies & Company, Inc.

## II. STATEMENT OF FACTS

### A. Nature of FINRA's Arbitration Forum

FINRA is a private, not-for-profit Delaware corporation and self-regulatory organization ("SRO") registered with the Securities Exchange Commission ("SEC") as a national securities association pursuant to the Maloney Act of 1938, 15 U.S.C. §§ 78o-3, *et seq.*, amending the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq*. ("Exchange Act"). FINRA has existed since 1939, and it is the nation's only registered securities association as well as the nation's largest SRO. As an SRO, FINRA is part of the Exchange Act's comprehensive plan for regulating the securities markets. *See* 15 U.S.C. §§ 78q, 78s; *see also PennMont Sec. v. Frucher,* 586 F.3d 242, 245 (3d Cir. 2009), *cert. denied*, 559 U.S. 972 (2010); *Cremin v. NASD*, 1997 U.S. Dist. LEXIS 1955, at *19 (N.D. Ill. Feb. 21, 1997). The Exchange Act provides for extensive SEC oversight of SROs such as FINRA. *See* 15 U.S.C. § 78s; *see also PennMont Sec.*, 586 F.3d at 246; *Cremin*, 1997 U.S. Dist. LEXIS 1955, at *19; *First Jersey Sec., Inc. v. Bergen*, 605 F.2d 690, 693 (3d Cir. 1979), *cert. denied*, 444 U.S. 1074 (1980).

FINRA operates the largest dispute resolution forum in the securities industry. FINRA conducts arbitrations pursuant to FINRA's Codes of Arbitration Procedure to assist in the resolution of monetary and business disputes between and among investors, securities firms, and individual registered representatives. The SEC must review and approve all FINRA rules before they are implemented, including the Code of Arbitration Procedure for Industry Disputes. 15

U.S.C. § 78s(b); *see also Shearson/American Express v. McMahon*, 482 U.S. 220, 233-34 (1987).

**B. The Arbitration**

On or about November 1, 2013, Plaintiffs filed a Statement of Claim and a Submission Agreement with FINRA against their former employer, Jefferies & Company, Inc. Complaint ¶¶ 25, 35 and Exhibit A.[2] Approximately two and a half years later, plaintiffs voluntarily withdrew their claim and instead seek to recover damages from the arbitration forum for improperly administering the arbitration.[3] Complaint ¶ 38.

That Submission Agreement provides in pertinent part:

> 1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.
>
> 2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

Complaint Exhibit A.

Plaintiffs do not identify any specific rules within the Code of Arbitration Procedure for Industry Disputes that are at issue but instead identify general areas where they seem to suggest improvement, as an example:

---

[2] Attached as **Exhibit A** is the Statement of Claim in the underlying arbitration. This document is referred to as an attachment to the Submission Agreement Plaintiffs included as Exhibit A to the Complaint.

[3] Attached as **Exhibit B** is the correspondence from Nelda Coleman, Processing/Logistical Supervisor, FINRA, Inc. confirming the Arbitration has been removed from the docket and deemed withdrawn with prejudice pursuant to FINRA Rule 13702(b).

> 49. The FINRA rules are not fair and cannot achieve just and equitable results and cannot properly adjudicate claims because of the following:
>
> a. the FINRA rules do not require the exchange of information on oath or affirmation;
>
> b. the FINRA rules provide no consequences for a party that destroys evidence;
>
> c. the FINRA rules only allow for depositions under extraordinary circumstances;
>
> d. the FINRA rules do not allow for alternative means of gathering information from a party;
>
> e. the FINRA rules are promulgated in such a fashion as to disfavor and discourage the gathering of information that is relevant to the determination of submitted disputes on their merits; and,
>
> f. the FINRA rules conflict with the stated promises of FINRA as set forth above.

Complaint ¶ 49.

The FINRA Code of Arbitration Procedure for Industry Disputes (the "Code") is contained in the FINRA Manual and is available at http://finra.complinet.com/. Rules 13212 and 13413 seem especially applicable to plaintiffs' complaints:

**Rule 13212. Sanctions**

> (a) The panel may sanction a party for failure to comply with any provision in the Code, or any order of the panel or single arbitrator authorized to act on behalf of the panel. Unless prohibited by applicable law, sanctions may include, but are not limited to:
>
> - Assessing monetary penalties payable to one or more parties;
> - Precluding a party from presenting evidence;
> - Making an adverse interference against a party;
> - Assessing postponement and/or forum fees; and
> - Assessing attorneys' fees, costs and expenses.
>
> (b) The panel may initiate a disciplinary referral at the conclusion of an arbitration.

> (c) The panel may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective.
>
> **Rule 13413. Jurisdiction of Panel and Authority to Interpret the Code**
>
> The panel has the authority to interpret and determine the applicability of all provisions under the Code. Such interpretations are final and binding upon the parties.

FINRA Manual: Code of Arbitration Procedure for Industry Disputes.

http://finra.complinet.com/. As the Code makes clear, the arbitrators are the ultimate authority for interpreting and applying the Code and the only limit on their ability to assess sanctions for failure to comply with any provision of the Code is "applicable law." The powers entrusted to the arbitrators pursuant to the Code and agreed to by plaintiffs in the Submission Agreement seem to address the shortcomings outlined by plaintiffs in their Complaint. Complaint &49.

**C. The Current Lawsuit Removed to this Court**

Plaintiffs filed this action with the intent of collaterally challenging FINRA's conduct in administering the underlying arbitration claim.

Plaintiffs filed this Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in the action *Nicholas Webb & Tad Beversdord v. Financial Industry Regulatory Authority, Inc., successor to FINRA Dispute Resolution, Inc.*, Case No. 2016CH04136. FINRA was served on March 23, 2016. FINRA timely removed to this Court on April ___, 2016, on the grounds that Plaintiffs claims "arise under" the Exchange Act within meaning of 28 U.S.C. §1331 or alternatively, that there is diversity jurisdiction within the meaning of 28 U.S.C. §1332, and removal is thus proper under 28 U.S.C. §1441.

**III. ARGUMENT**

### A. The Doctrine of Arbitral Immunity Bars Claims Against FINRA for Monetary Relief.

Courts in the Seventh Circuit and other jurisdictions have long granted immunity to both arbitrators and arbitral forums for their role in administering arbitrations. *See, e.g., Int'l Med. Group v. AAA*, 312 F.3d 833, 844 (7th Cir. 2002); *Galuska v. New York Stock Exch., Inc.*, No. 99-3522, 2000 U.S. App. LEXIS 6370, at *5-6 (7th Cir. April 3, 2000); *Tamari v. Conrad*, 552 F.2d 778, 780 (7th Cir. 1997) ("[A]n arbitrator has an immunity analogous to judicial immunity because he performs a quasi-judicial function."); *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1159-60 (10th Cir. 2007) (acknowledging that "[e]very other circuit that has considered the issue of arbitral immunity recognizes the doctrine"); *Honn v. NASD, Inc.*, 182 F.3d 1014, 1017 (8th Cir. 1999), ("[a]rbitral immunity extends to organizations, such as the NASD, that sponsor arbitrations"); *Hawkins v. NASD, Inc.* (5th Cir. 1998), 149 F.3d 330, 332; 85 F.3d 381, 383; *Olson v. NASD, Inc.*, 85 F.3d 381 (8th Cir. 1996); *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1990); *Corey v. New York Stock Exch., Inc.*, 691 F.2d 1205, 1209-11 (6th Cir. 1982), ("As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants"); *Gilman Landco, LLC v. AAA*, 2016 U.S. Dist. LEXIS 33876 (C. D. Ill. Mar. 2, 2016) ("Plaintiff seeks to proceed against Defendant, a sponsoring organization that, according to the cases cited above, is clearly entitled to arbitral immunity").

Arbitration forums, like FINRA, have been deemed to be "functionally comparable" to judges and courts of law to justify extending the protection of arbitral immunity to actions taken in connection with the administration of an arbitration. *See Butz v. Economou*, 438 U.S. 478, 513 (1978); *see also Galuska*, 2000 U.S. App. LEXIS 6370, at *5. The doctrine of arbitral

immunity is essential to the policy favoring arbitration as a method of dispute resolution. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

Every allegation Plaintiffs raise in their Complaint concerns the manner in which the Arbitration was administered. Accordingly, FINRA is immune from liability. Plaintiff is unable to advance any set of facts that would state a claim against FINRA.

**B. Plaintiffs Must First Exhaust Their Administrative Remedies to the Extent They Are Challenging FINRA's Rules and/or Code of Arbitration Procedure.**

Plaintiffs' claim against FINRA should also be dismissed because they have failed to exhaust their administrative remedies. The challenged conduct, application of existing SEC-approved rules establishing the FINRA Code, was performed in furtherance of FINRA's regulatory duties as part of the comprehensive federal securities regulatory system.

As previously discussed, FINRA is a self-regulatory organization which operates under the authority and supervision of the federal securities laws. These laws provide for a comprehensive review process overseen by the SEC. Once a proposed rule is filed with the SEC, the SEC publishes notice together with the terms of substance of the proposed rule change or a description of the subjects and issues involved. The SEC gives interested persons an opportunity to submit data, views, and arguments concerning such proposed rule changes. Section 19(b), 15 U.S.C. § 78s(b). These steps were taken with the FINRA Code.[4] Once a rule is approved by order of the SEC, an aggrieved person can obtain review of the order exclusively in the United States Court of Appeals, pursuant to Section 25 of the Exchange Act. 15 U.S.C. § 78y(a)(1). Finally, if an existing set of rules is being challenged as contrary to the requirements of the Exchange Act and the rules and regulations thereunder, which is the case here, a party can

[4] Because Plaintiffs do not cite to any specific rule within the Code that was allegedly violated, citation to the SEC's approval orders for specific rules is impossible.

petition the SEC to abrogate, add to, and delete from the rule. Section 19(c), 15 U.S.C. § 78s(c). Plaintiffs have not utilized the administrative scheme established by Congress.

The Complaint seeks to compel this Court to substitute its judgment for that of the SEC to access and determine whether FINRA has improperly exercised its regulatory discretion in following existing SEC-approved rules, namely the FINRA Code of Arbitration Procedure for Industry Disputes.

The exhaustion requirements under the Exchange Act apply to challenges of FINRA rules. 15 U.S.C. § 78y(b), (c); *see also Am. Benefits Group, Inc. v. NASD*, 1999 U.S. Dist. LEXIS 12321, at *23 (S.D.N.Y. 1999) (citing cases). Courts routinely dismiss lawsuits against FINRA when, as here, plaintiffs have failed to exhaust their administrative remedies. *See, e.g., Pennmont Sec. v. Frucher*, 586 F.3d 242, 247 (3d Cir. 2009), *cert. denied*, 559 U.S. 972 (2010) (dismissing appeal where appellant failed to exhaust administrative remedies to challenge the application of an SRO rule); *Swirsky v. NASD*, 124 F.3d 59, 62 (1st Cir. 1997) (affirming dismissal for failure to exhaust where appellant failed to invoke third tier of review prescribed in the Exchange Act); *Barbara v. N.Y.S.E., Inc.*, 99 F.3d 49, 57 (2d Cir. 1996) (claims for declaratory and injunctive relief barred for failure to exhaust administrative remedies); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. NASD*, 616 F.2d 1363, 1370 (5th Cir. 1980) (reversing and finding district court should have denied plaintiff's relief for failure to exhaust administrative remedies); *First Jersey Sec., Inc. v. Bergen*, 605 F.2d 690, 700 (3d Cir. 1979), *cert. denied* 444 U.S. 1074 (1980) (district court without jurisdiction to consider a request to enjoin an NASD disciplinary proceeding); *Charles Schwab & Co Inc. v. Financial Industry Regulatory Authority, Inc.*, 861 F. Supp. 2d 1063, 1070 (N.D. Cal. 2012) ("[C]ourts have held

*without exception* that the comprehensive review process renders exhaustion jurisdictional.") (emphasis added).

Thus, because Plaintiffs are challenging FINRA's interpretation and application of FINRA rules, specifically the FINRA Code, their exclusive remedy is to petition the SEC pursuant to the statutorily-mandated administrative process. Plaintiffs' claim challenging the interpretation and application of FINRA rules are precisely the type of action that requires exhaustion. "[T]he agency should be given the first chance to exercise [its] discretion or to apply [its] expertise." *McKart v. U.S.*, 395 U.S. 185, 194 (1969).

### C. FINRA is Not a Proper Party and Plaintiffs Failed to Name an Indispensable Party.

FINRA is not a proper party to a petition to vacate an arbitration award any more than a trial court is a proper party to an appeal of that trial court's decision. *See, e.g., Int'l Med. Group,* 312 F.3d at 844-45 (finding that the arbitration forum "need not be a party" to an action challenging an administrative mistake during the arbitration and that the forum was "not a real party in interest" in counts seeking declaratory and injunctive relief from the arbitration award). Here, Plaintiffs seek to collaterally attack decisions of the arbitrators after withdrawing their claims from arbitration and suing only the arbitration forum sponsor, FINRA. Plaintiffs have failed to name the true party in interest: the respondent in Arbitration, their former employer. The respondent in the Arbitration participated in the Arbitration and is best positioned to know the facts and circumstances that were briefed and raised with the arbitrators. Plaintiffs withdrew their claim in Arbitration and now improperly seek to "manufacture a claim" against the forum sponsor for its conduct or the conduct of the arbitrators in administering the Arbitration. If plaintiffs wanted to challenge the conduct of the arbitrators, they could have done that in a

Motion to Vacate after an award was issued. Instead, they voluntarily withdrew their claims in Arbitration.

As the arbitration forum, FINRA is in the same position as a trial court. A litigant cannot dismiss their claims before a trial court and then seek to sue the trial court to hold it responsible for improperly interpreting the law. This nonsensical collateral attack on the underlying arbitration case should not be tolerated and this case should be dismissed.

## IV. CONCLUSION

For all of these reasons, FINRA respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice. There is no legal basis for the relief sought and the granting of the relief would eviscerate the structure of securities regulation enacted by Congress in the Exchange Act.

Dated: April 27, 2016

                              Respectfully submitted,

                              Financial Industry Regulatory Authority, Inc.

                              By:     /s/  *James H. Bowhay*
                                      One of its attorneys

James R. Figliulo (ARDC No. 06183947)
James H. Bowhay (ARDC No. 06203860)
Lisa Mazzone (ARDC No. 06303922)
FIGLIULO & SILVERMAN, P.C.
10 S. La Salle Street, Suite 3600
Chicago, IL 60603
Phone: 312-251-4600
Facsimile: 312-251-4610
jfigliulo@fslegal.com
jbowhay@fslegal.com
lmazzone@fslegal.com

Betty G. Brooks
Office of General Counsel
Financial Industry Regulatory Authority, Inc.
1735 K Street, NW
Washington, DC 20006-1506
Phone: 202-728-8288
Facsimile: 202-728-8894
Betty.Brooks@finra.org

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail and email this 27th day of April, 2016 upon Cornelius E. McKnight, Counsel for Plaintiffs, McKnight, Kitzinger & Pravdic, LLC, 117 N. Jefferson Street, Suite 301, Chicago, Illinois 60661.

                                          /s/ *James H. Bowhay*