## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NICHOLAS WEBB & THAD BEVERSDORF,

       Plaintiffs,                               Case No. 16-cv-4664

vs.                                        Judge Andrea R. Wood

FINANCIAL INDUSTRY REGULATORY        Magistrate Judge Young B. Kim
AUTHORITY, INC., successor to FINRA
DISPUTE REGULATION, INC.,

       Defendant.

_____/

## JOINT INITIAL STATUS REPORT

       Pursuant to Fed. R. Civ. P. 26(f), the parties, through their counsel, conducted a planning

conference and hereby submit this Joint Initial Status Report pursuant to the Court's standing

order:

**1.**       <u>**Nature of the Case**</u>

       A.       <u>Attorneys of record and lead trial attorney</u>:  <u>For plaintiffs</u>:  Cornelius E. McKnight

(Lead Trial Attorney) and Nathan Karlsgodt, McKnight, Kitzinger & Pravdic, LLC, 117 N.

Jefferson Street, Suite 301, Chicago,  IL 60661.  <u>For defendant</u>:  James R. Figliulo, James H.

Bowhay (Lead Trial Attorney), and Lisa Mazzone, Figliulo & Silverman, P.C., 10 S. La Salle

Street, Suite 3600, Chicago, IL 60603; Betty G. Brooks, Office of General Counsel, Financial

Industry Regulatory Authority, Inc., 1735 K Street, NW, Washington, DC 20006-1506.

       B.       <u>Parties that have not been served</u>:  None.

       C.       <u>Federal jurisdiction</u> was asserted based upon both federal question and diversity

jurisdiction.  This action was removed to this Court by Defendant pursuant to 28 U.S.C. §1441

because this is a civil action over which this Court has federal question jurisdiction pursuant to

the provisions of 28 U.S.C. §1331.  Defendant also removed this case to this Court pursuant to

28 U.S.C. §1441 because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states pursuant to the provisions of 28 U.S.C. §1332. Both Plaintiffs are residents of Illinois. Defendant is a not-for-profit Delaware corporation with its principal place of business in Washington, D.C.

      D.    <u>Nature of the claims</u>: Plaintiffs assert two counts, one for breach of contract in which they seek damages (Count I) and an alternative count for declaratory relief (Count II). Plaintiffs assert in this case that FINRA breached the Arbitration Submission Agreement signed by Plaintiffs by allegedly failing to provide requisite sources of authority to facilitate a just and equitable resolution of the pending disputes; by allegedly failing to provide its arbitrators with the appropriate procedural mechanisms and safeguards to fulfill FINRA's contractual promises; and by allegedly failing to provide its arbitrators with procedural mechanisms to certify and authorize the exchange of information between the parties to the dispute; by allegedly failing to properly train its arbitrators, and by interfering in the arbitrators' exercise of their discretion and imposing interpretations of its Rules that are contrary to the facilitation of a just and equitable resolution of disputes.

      E.    <u>The relief sought by Plaintiffs</u>:  Damages allegedly suffered as a result of FINRA's breach of contract are in an amount in excess of $50,000.00 and an alternative count for declaratory relief seeking a declaration that FINRA's Code of Arbitration Procedures "are unable to enforce and promote just and equitable principles of trade and business, to maintain high standards of commercial honor and integrity and to prevent fraudulent and manipulative acts and practices."

      F.    <u>Major legal and factual issues</u>: Plaintiffs state that the issues include:(1) whether FINRA breached its contract with Plaintiffs; (2)  whether FINRA has marketed itself as an

arbitration forum capable of fairly administering private arbitration disputes; and (3) whether FINRA's adoption and application of its arbitration rules and procedures approved by the SEC to private arbitration disputes was designed to deprive litigants with a forum that promotes just and equitable principles of trade and business, to maintain high standards of commercial honor and integrity and to prevent fraudulent and manipulative acts and practices. Defendant states that threshold issues include: (4) whether FINRA's status as an SRO and the doctrine of arbitral immunity bars the asserted claims; (5) whether Plaintiffs failed to exhaust their administrative remedies; and (6) whether Plaintiffs failed to name an indispensable party, their former employer, Jefferies & Co., Inc.

2.      **Case Plan**

A.      Pending motions: Defendant FINRA has filed a motion to dismiss the Complaint, which is fully briefed and currently under advisement, pursuant to F.R.Civ.P. 12(b)(1), 12(b)(6), and 12(b)(7).

B.      Defendant has responded to the Complaint by filing the motion to dismiss.

C.      Proposed Discovery Plan:

1.      *General type of discovery needed:* Plaintiffs will need written and oral discovery regarding the following matters: FINRA's marketing of its services as a dispute resolution forum; the development and application of FINRA's arbitration rules and procedures as they apply to private arbitrations; the development and implementation of FINRA's programs and materials to train its arbitrators; implementation, application and dissemination of FINRA's interpretation of its arbitration rules and procedures to its employees and arbitrators; the internal procedures and controls used to determine whether arbitrations are subject to regulatory authority or pursuant to private contract; reviews, analysis or studies of the results of FINRA arbitrations and whether FINRA

3

arbitrations are fair and are perceived as fair and in compliance with FINRA's stated promises regarding arbitrations; and the development or failure to develop rules and procedures applying to private arbitrations that promote fairness, due process and the stated goals of FINRA. Defendants will need oral discovery and the produced documents and related materials and correspondence from the underlying arbitration.

2.    *ESI:*  The parties suggest that the parties detail any particular issues or agreements concerning ESI, if necessary, in a draft protective order provided to the Court three weeks after the motion to dismiss is decided.

3.    *Privilege and trial preparation materials:*  The parties suggest that the parties detail any particular issues or agreements concerning privilege and trial preparation materials, if necessary, in a draft protective order provided to the Court three weeks after the motion to dismiss is decided.

4.    *Date for Rule 26(a)(1) disclosures:*  Three weeks following ruling on the pending motion to dismiss.

5.    *Date for completing fact discovery:* Twelve to eighteen months after an answer is filed by Defendant.

6.    *Expert discovery and dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed:*  Plaintiffs and Defendant anticipate they will require experts regarding alternative dispute resolution practices and procedures and experts regarding damages. Rule 26(a)(2) disclosures should be made two months after the close of fact discovery, with rebuttal reports due one month later, and expert depositions completed two months after the rebuttal reports are due.

7.    *Changes to limitations on discovery:*  None.

4

8.     *Date for filing dispositive motions:*   Two months after deadline for completion of expert depositions.

D.     *Jury trial and length of trial:*   A jury trial has been demanded and the estimate length of the trial is 3-5 days.

**3.**     **Settlement.**   No settlement discussions have occurred and a settlement conference would not be productive at this time.

4.     **Consent to Proceed Before a Magistrate Judge.**   Counsel have informed their respective clients about the possibility of a proceeding before the assigned Magistrate Judge and the parties do not unanimously consent to that procedure.

Respectfully submitted,

Financial Industry Regulatory Authority, Inc.          Nicholas Webb and Thad Beversdorf

By: _____ /s/  *James H. Bowhay* _____          By: _____ */s/ Cornelius E. McKnight* _____
        One of Defendant's attorneys                  One of Plaintiffs' attorneys

Counsel for Defendant:          Counsel for Plaintiffs:
James R. Figliulo (ARDC No. 06183947)          Cornelius E. McKnight
James H. Bowhay (ARDC No. 06203860)          Nathan P. Karlsgodt
Lisa Mazzone (ARDC No. 06303922)          MCKNIGHT, KITZINGER & PRAVDIC
FIGLIULO & SILVERMAN, P.C.          117 North Jefferson St., Suite 301
10 S. La Salle Street, Suite 3600          Chicago, IL 60661
Chicago, IL 60603          Phone:  312-463-9400
Phone:  312-251-4600          nmcknight@mkplawyers.com
Facsimile:  312-251-4610          nkarlsgodt@mkplawyers.com
jfigliulo@fslegal.com
jbowhay@fslegal.com

Betty G. Brooks
Office of General Counsel
Financial Industry Regulatory Authority, Inc.
1735 K Street, NW
Washington, DC 20006-1506
Phone:  202-728-8299
Facsimile:  202-728-8894
Betty.Brooks@finra.org

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a copy of the attached **Joint Initial Status Report** to be served upon counsel of record via Electronic Notification by the District Court's ECF Filing System on September 28, 2016.


_____/s/   *James H. Bowhay*_____